IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FRANCISCO MAYORGA**                                                                                          **PLAINTIFF**

v.                                        **CASE NO. 4:12CV00785 BSM**

**STEVE'S AUTO CENTER OF CONWAY, INC.
and STEVE GAFNER, d/b/a STEVE'S AUTO
AND WRECKER SERVICE**                                                                                   **DEFENDANTS**

## ORDER

Defendants' motions for a new trial and for attorneys' fees [Doc. No. 53, 55] are denied.

## I. BACKGROUND

In November 2012, defendants towed three vehicles belonging to Francisco Mayorga. After he was unable to retrieve the vehicles, Mayorga sued, alleging civil rights violations, conversion, and trespass to chattel. On April 9, 2014, following a two-day trial, a jury awarded Mayorga $17, 500. Defendants now move for a new trial and for attorneys' fees.

## II. DISCUSSION

A.    Defendants' Motion for a New Trial is Denied.

Whether to grant a new trial pursuant to Federal Rule of Civil Procedure 59 is discretionary. *Der v. Connolly*, 666 F.3d 1120, 1126 (8th Cir. 2012). The key question in determining whether a new trial is warranted is whether it is necessary to prevent a miscarriage of justice. *Id*.

Defendants assert that Mayorga offered hearsay testimony and that the testimony of

Michael Chambers inflamed the jury. Although portions of Chambers's testimony regarding Steve Gafner's treatment of Hispanics was irrelevant, none of it was so prejudicial as to warrant a new trial because Mayorga's race claim was not presented to the jury. Further, although defendants assert that the verdict resulted from passion or prejudice by the jury, the record clearly shows that Mayorga offered sufficient evidence to suport a $17,500 award. Because the record does not indicate that a new trial is necessary to prevent a miscarriage of justice, defendants' motion for new trial is denied.

B.  Defendants' Motion for Attorneys' Fees is Denied.

Defendants assert that they are entitled to attorneys' fees under 42 U.S.C. § 1981, which allows a prevailing party to receive attorneys' fees even if the party is not ultimately successful on all claims. In support, they point to the dismissal of Mayorga's discrimination claim under 42 U.S.C. § 1981 after their motion for directed verdict was granted.

A prevailing defendant in a civil rights case is only entitled to fees in very narrow circumstances; at the very least, he must be able to prove that the plaintiff's case is frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so. *Williams v. City of Carl Junction, Mo.*, 523 F.3d 841, 843 (8th Cir. 2008). Defendants have not shown that such narrow circumstances exist here because Mayorga was ultimately awarded the entire amount of damages sought.

IT IS SO ORDERED this 15th day of May 2014.

_____
UNITED STATES DISTRICT JUDGE